Reese, J.
delivered the opinion of the court.
This is an action brought in the circuit court of Wilson county, for a breach of covenant. The covenant, dated on 4th of January, 1833, and signed and sealed by both the plaintiff and the defendant, set forth on the part of the plaintiff, that he bound his son Matthew'to the defendant for the term of six years from the date, and that the said defendant on his part covenanted, with the plaintiff, to give to the said Matthew six months schooling, and to clothe and board him well, and when the time of his service should expire, to give him a new suit of clothes and a hat. The plaintiff in his declaration averred, that his son faithfully served the defendant as his bond-servant and apprentice during and to the end of the time stipulated, and alledged as breaches of the contract, that defendant did not give the said Matthew six months schooling, nor treat and clothe him well, nor, at the expiration of the time, give *153 Mm a new suit of clothes and hat. The defendant in brief memoranda, pleaded, first, that he had performed :the covenant, and second, that plaintiff had 'mot performed the covenant precedent on •his part. These pleas were replied to in the same .manner. The issues were found by a ¡jury in favor of the plaintiff, and they assessed his damages to the sum of ninety-five dollars and twenty-five cents. But on a motion by the defendant for that purpose, his ■honor, the circuit judge, arrestedthe judgment, and the plaintiff has prosecuted his appeal in error to this court. We are told at the bar, that the circuit court founded the judgment by it given in the ■case upon the authority of what is supposed to have been decided in the case of Stringfield vs. Heiskell, 2 Yer. Rep. 546. One point determined in that case, and upon which it might well have been left, is unquestionably correct on well settled authority, namely, that an indented apprentice, whether constituted such under the statute, or by the parent or guardian, is notassignable or transferable, so as to create in the apprentice, the duty or obligation to yield his obedience or services to the new master or assignee. But the other conclusion arrived at by the court in that case, and founded upon the very brief and slight notices taken of the subject by Chancellor Kent, Com. 2 Vol. 212, 1st ed’t., and in Barnwell and Alderson’s Rep. 584, “that a father, at the common law, cannot bind his infant son an apprentice, without his assent, testified by his execution-of the indenture” — -is much more questionable, if it is to be understood as meaning more than that in such case, the apprentice, if he leave the service of the master, or fail to do his duty, can not be subjected to the coercive remedies given by the statute of Elizabeth, or before the statute, by the law of nature and the common law, to the parent himself. But be this as it may, the court in the case of Stringfield vs. Heiskell, were not called upon to decide, and did not in fact decide, that if a. father bind a son an apprentice in a covenant of indenture, and the son, although not assenting by joining in the execution of the indenture, does in fact perform the services, that the covenantor shall not be compelled to perform his part of the agreement. Whether the servant and apprentice, were compelled or not, to perform the services, if he does perform them, why shall not the master pay for such services? He must pay, unless the contract is illegal and void. But such a contract is not illegal and void, except by the statute of *154 Elizabeth, which it is not contended is in íbice here, and which the case of Stringfield vs. Heiskell, declares not to be in force.
In the absence of any statute, or of any common law principle, to render void such a contract, the question of the covenantor’s liability, is too plain for argument. It is briefly this: A. covenants that Matthew, who happens, indeed, to be his son, should work and perform services for a period of six years for B., and B. covenants, that he will do certain things and pay certain sums, for the benefit of the son, (as it happens to be in this case,) and the services having been performed, he insists it is unlawful for him to pay the amount stipulated, or to perform his covenants. This is the case before us.
Without the authority of the case of Day vs. Everett, 7 Mass., or that of Nickerson vs. Howard, 19th John. Rep., (which indeed are decisive,) we can have no difficulty in deciding this case on principle. The judgment of the circuit court must be reversed, and judgment be given here upon the verdict of the jury, that the plaintiff recover his damages, &c.